# EXHIBIT A

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

DEPARTMENT STORES NATIONAL BANK AND EQUIFAX INFORMATION SERVICES LLC

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

HORDELICIA SANCHEZ

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*



2017 JUL 18 AM

CLERK-SUPERIOR COURT
SAN DIEGO COUNTY, CA

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is: HALL OF JUSTICE COURTHOUSE
*(El nombre y dirección de la corte es):*

330 West Broadway, San Diego, CA 92101

**CASE NUMBER:**
*(Número del Caso):*
37-2017-00028088-CL-MC-CTL

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
McCarthy Law PLC, 4250 N. Drinkwater Blvd, Ste 320, Scottsdale, AZ 85251, 602-456-8900

DATE: JUL 18 2017        Clerk, by _L. Melles_, Deputy
*(Fecha)*                *(Secretario)*                    *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* EQUIFAX INFORMATION SERVICES LLC

under: ☐ CCP 416.10 (corporation)           ☐ CCP 416.60 (minor)
       ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
       ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
       ☒ other *(specify):* 17701.16
4. ☒ by personal delivery on *(date):* 7/21/17

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

**McCarthy Law PLC**
Ashley Tuchman, 258719
Garrett Charity, 285447
4250 North Drinkwater Blvd, Suite 320
Scottsdale, AZ 85251
602-456-8900
ashley.tuchman@mccarthylawyer.com
garrett.charity@mccarthylawyer.com
Attorneys for Plaintiff

2017 JUL 18 AM

CLERK-SUPERIOR COURT
SAN DIEGO COUNTY, CA

IN THE SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN DIEGO, HALL OF JUSTICE COURTHOUSE

| | |
|---|---|
| HORDELICIA SANCHEZ<br><br>Plaintiff,<br><br>V.<br><br>DEPARTMENT STORES NATIONAL BANK AND EQUIFAX INFORMATION SERVICES LLC,<br><br>Defendants. | Case No.:<br><br>**COMPLAINT FOR VIOLATION OF FAIR CREDIT REPORTING ACT (15 U.S.C. § 1681 *et seq.* and CA Civ § 1785 *et seq.*)**<br><br>**Demand: Exceeds $10,000 But Does Not exceed $25,000**<br><br>**Limited Case** |

**TO DEPARTMENT STORES NATIONAL BANK AND EQUIFAX INFORMATION SERVICES LLC:**

**COMES NOW** Hordelicia Sanchez ("Plaintiff"), by and through counsel, for causes of action against Defendants DEPARTMENT STORES NATIONAL BANK and EQUIFAX INFORMATION SERVICES LLC, and alleges the following on information and belief:

## I. INTRODUCTION

1. This action arises out of Defendants' violations of the Fair Credit Reporting Act ("FCRA") and the California Consumer Credit Reporting Agencies Act ("CCRAA").

2. The Plaintiff is a consumer and victim of inaccurate reporting by Defendants, and has suffered particularized and concrete harm.

3. That Plaintiff received a Form 1099-C, "Cancellation of Debt," discharging the debt owed for Plaintiff's account.

4. That Plaintiff obtained her consumer credit reports and discovered that the account associated with the Form 1099-C, "Cancellation of Debt," was being reported incorrectly. Accordingly, Plaintiff filed a written dispute letter, with supporting documentation, through the responsible consumer reporting agency.

5. That Defendants willfully failed to correct the errors contained within Plaintiff's consumer credit reports and willfully failed to conduct a re-investigation upon receipt of the written dispute.

6. That Defendants failed to maintain reasonable procedures to assure maximum accuracy of the information contained within Plaintiff's consumer credit reports.

## II. PARTIES

7. Plaintiff is a resident of California, specifically, a resident of San Diego, California.

8. Defendant Department Stores National Bank ("DSNB") is not a corporation registered with the California Secretary of State, but at all times relevant hereto was registered with the FDIC as a Federally Chartered National Bank with their headquarters located at 701 E. 60th Street, Sioux Falls, South Dakota, 57104.

9. Defendant, Equifax Information Services LLC, ("Equifax"), a credit reporting agency, is licensed to do business in California as a foreign corporation and has designated the following registered statutory agent: THE PRENTICE-HALL CORPORATION SYSTEM, INC. 2710 GATEWAY OAK DRIVE, SUITE 150N, SACRAMENTO, CA 95833.

## III. JURISDICTION AND VENUE

10. The Court has jurisdiction over this action pursuant to 15 U.S.C. § 1681p of the FCRA and CA Civ § 1785.33 of the CCRAA.

11. Personal jurisdiction exists over Defendants as Plaintiff resides in California, Defendants have the necessary minimum contacts with the state of California, and this suit arises out of specific conduct with Plaintiff in California.

12. Venue is proper as the harm occurred in the County of San Diego, California and Defendants do business in California.

## IV. FACTUAL ALLEGATIONS

13. On October 7, 2013, Defendant DSNB issued a Form 1099-C, "Cancellation of Debt," for Plaintiff's Chase credit card account ending in 7936-635 ("Account").

14. The Form 1099-C canceled the principal balance owed, excluding interest and fees.

15. The Identifiable Event Code on the Form 1099-C is marked "G".

16. Code "G" on a Form 1099-C represents that the creditor has made a decision to discontinue collection of the debt and cancel the debt amount owed.

17. Subsequently, Defendant DSNB submitted Form 1099-C, "Cancellation of Debt," to the Internal Revenue Service ("IRS") for the cancellation of the debt amount owed to Defendant DSNB.

18. Due to the issuance of the Form 1099-C, Plaintiff was obligated to pay income taxes to the IRS on the cancelled debt.

19. It would be inequitable to the Plaintiff who had to pay income taxes on the cancelled debts, to allow Defendant DSNB, who reported to the IRS that the indebtedness was cancelled, to also be allowed to collect the cancelled debts from Plaintiff, thereby creating a situation wherein the Plaintiff pays more than what was owed.

20. That Defendant DSNB still reported a balance on the Account, inclusive of interest and fees, on Plaintiff's consumer report, namely Equifax.

21. On September 25, 2016, Plaintiff obtained her Equifax consumer credit report and discovered that Defendant DSNB was inaccurately reporting a balance owed on the Account.

22. On January 5, 2017, Plaintiff sent a written dispute letter, with supporting documentation, to Defendant Equifax regarding the accuracy of the derogatory information reported by Defendant Equifax.

23. Upon information and belief, Defendant Equifax forwarded at least a portion of Plaintiff's written dispute, with supporting documentation, to Defendant DSNB.

24. That Plaintiff received a written response to her dispute letter from Defendant Equifax dated January 31, 2017 and discovered that Defendant Equifax failed to correct the inaccurate reporting

of Plaintiff's Account.

25. That Defendant DSNB willfully failed to conduct a proper investigation and correct the inaccurate reporting of the Account to the consumer reporting agencies, and to the detriment of the consumer Plaintiff.

26. That Defendant DSNB is willfully reporting derogatory and inaccurate information about Plaintiff to the consumer reporting agencies.

27. That Defendant Equifax failed to conduct a reasonable reinvestigation on the Account to the detriment of the consumer Plaintiff.

## V. FIRST CAUSE OF ACTION
## VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
## 15 U.S.C. § 1681 et seq.

28. Plaintiff incorporates by reference all the above paragraphs of this Complaint as though fully stated herein.

29. Defendant Equifax is a consumer reporting agency, as defined by 15 U.S.C. § 1681a(f).

30. Plaintiff filed a written dispute letter, with supporting documentation, directly with Defendant Equifax concerning the accuracy of the information contained within her consumer credit report.

31. That Defendant DSNB willfully failed to conduct a proper investigation and correct the inaccurate reporting of the Account to the consumer reporting agencies in violation of 15 U.S.C. § 1681S-2(b) and to the detriment of the consumer Plaintiff.

32. That Defendant DSNB is willfully reporting derogatory and inaccurate information about Plaintiff to one or more consumer credit reporting agency, as defined by 15 U.S.C. § 1681a, by continuing to report a balance on the Account.

33. That Defendant Equifax willfully failed to conduct a reasonable reinvestigation in violation of 15 U.S.C. § 1681i(a)(1)(A), and to the detriment of the consumer Plaintiff.

34. That Defendant Equifax willfully failed to maintain and/or follow reasonable procedures to assure maximum accuracy of the information it reported to one or more third parties pertaining to the Account, in violation of 15 U.S.C. § 1681e.

35. That the foregoing acts and omissions of Defendants DSNB and Equifax constitute unacceptable violations of the FCRA.

### VI. SECOND CAUSE OF ACTION VIOLATIONS OF THE CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT CA Civ § 1785.1 et seq.

36. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

37. Defendant Equifax, is a consumer credit reporting agency, as defined by CA Civ § 1785.3(d).

38. In accordance with CA Civ. § 1785.16(a), Plaintiff filed a written dispute letter, with supporting documentation, directly with Defendant Equifax as to the accuracy of the information contained within her consumer credit report, as defined by CA Civ. § 1785.3(c).

39. That Defendant DSNB is willfully reporting derogatory and inaccurate information about Plaintiff to one or more consumer credit reporting agency, as defined by CA Civ. § 1785.3(d), by continuing to report a balance on the Account, in violation of CA Civ. § 1785.25(f).

40. Defendant Equifax is willfully reporting derogatory and inaccurate information about Plaintiff to third-parties.

41. That Defendant Equifax failed to conduct a reasonable investigation to correct the inaccurate and misleading reporting of the disputed Account in violation of CA Civ. § 1785.16, and to the detriment of the consumer Plaintiff.

42. Defendant Equifax willfully failed to maintain reasonable procedures to assure maximum accuracy of the information contained in Plaintiff's credit report in violation of CA Civ. § 1785.14.

43. The foregoing acts and omissions of Defendants DSNB and Equifax constitute unacceptable violations of the CCRAA.

### VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff seeks a reasonable and fair judgment against Defendants for willful noncompliance of the Fair Credit Reporting Act and Consumer Credit Reporting Agencies

Act, and seeks her statutory remedies, as defined by 15 U.S.C. § 1681n and CA Civ § 1785.31, and demands the following:

### AS TO COUNT I:

1. Actual damages to be shown at trial, or statutory damages of not less than $100 and not more than $1,000 per violation pursuant to 15 U.S.C. § 1681n(a)(1)(A);
2. Punitive damages, pursuant 15 U.S.C. § 1681n(a)(2), for Defendant's willful violation;
3. The costs of instituting this action together with reasonable attorney's fees incurred by Plaintiff pursuant to 15 U.S.C. § 1681n(a)(3); and
4. Any further legal and equitable relief as the court may deem just and proper in the circumstances.

### AS TO COUNT II:

1. Actual damages, pursuant to CA Civ § 1785.31(a)(1) and CA Civ § 1785.31(a)(2), including court costs, loss of wages, attorney's fees, and pain and suffering;
2. Punitive damages, pursuant to CA Civ § 1785.31(a)(2)(B) and CA Civ § 1785.31(a)(2)(C), of not less than $100 and not more than $5,000 for each violation as the court deems proper, and any other relief that the court deems proper for Defendant's willful violation;

Respectfully submitted this 7th day of July, 2017.

MCCARTHY LAW, PLC

By: /s/ Garrett Charity
Garrett Charity, Esq.
Ashley Tuchman, Esq.
Attorneys for Plaintiff