# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HORDELICIA SANCHEZ,<br><br>    Plaintiff,<br><br>v.<br><br>DEPARTMENT STORES NATIONAL BANK and EQUIFAX INFORMATION SERVICES, LLC,<br><br>    Defendants. | Case No. 17-cv-1675 DMS (MDD)<br><br>**ORDER DENYING MOTION TO DISMISS** |

Pending before the Court is Defendant Equifax Information Services, LLC's ("Equifax") motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff Hordelicia Sanchez filed an opposition, and Defendant filed a reply. For the reasons set forth below, the motion is denied.

## I.
## BACKGROUND

Plaintiff alleges she had an outstanding balance on her Chase credit card account, which has been discharged when Department Stores National Bank ("DSNB") issued a Form 1099-C, "Cancellation of Debt," on October 7, 2013. (Compl. ¶ 13.) Nevertheless, when Plaintiff obtained a consumer report from Equifax on September 25, 2016, she discovered that DSNB had been inaccurately

reporting a balance due on her credit card account. (*Id.* ¶ 21.) On January 5, 2017, Plaintiff sent a letter to Equifax, disputing the accuracy of the outstanding debt. (*Id.* ¶ 22.) Equifax, however, failed to conduct a reasonable reinvestigation regarding the disputed information and continued to report false information on her consumer report. (*Id.* ¶ 24.) On July 18, 2017, Plaintiff brought suit against Equifax and DSNB, alleging violations of the Fair Credit Reporting Act ("FCRA") and the California Consumer Credit Reporting Agencies Act ("CCCRAA"). Equifax filed the present motion in response to the Complaint.

## II.

## DISCUSSION

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in the complaint. Fed. R. Civ. P. 12(b)(6); *Navarro v. Block*, 250 F.3d 729, 731 (9th Cir. 2001). In deciding a motion to dismiss, all material factual allegations of the complaint are accepted as true, as well as all reasonable inferences to be drawn from them. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 338 (9th Cir. 1996). However, a court need not accept all conclusory allegations as true. Rather, it must "examine whether conclusory allegations follow from the description of facts as alleged by the plaintiff." *Holden v. Hagopian*, 978 F.2d 1115, 1121 (9th Cir. 1992) (citation omitted); *see Benson v. Ariz. St. Bd. of Dental Exam'rs*, 673 F.2d 272, 275–76 (9th Cir. 1982) (court need not accept conclusory legal assertions). A motion to dismiss should be granted if a plaintiff's complaint fails to contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

Defendant moves to dismiss Plaintiff's FCRA claim under 15 U.S.C. § 1681e, arguing Plaintiff has failed to allege Defendant prepared a consumer report to a third

party, which is a requisite element of the claim. Specifically, Defendant contends the consumer credit disclosure Plaintiff obtained from Defendant solely for her own review was not a "consumer report" within the meaning of the statute, which requires delivery to a third party. However, Plaintiff has alleged Defendant communicated inaccurate information in her consumer report to third parties. Specifically, Plaintiff has stated "Defendant Equifax willfully failed to maintain and/or follow reasonable procedures to assure maximum accuracy of the information it reported to one or more third parties pertaining to the Account, in violation of 15 U.S.C. § 1681e." (Compl. ¶ 34.)

In any event, under Ninth Circuit case law, transmission of a consumer report to a third party is not a prerequisite to establishing liability under § 1681e(b). *Guimond v. Trans Union Credit Info. Co.*, 45 F.3d 1329, 1333 (9th Cir. 1995); *see Ottiano v. Credit Data Sw., Inc.*, 54 F. App'x 640 (9th Cir. 2003) ("neither the transmission of the report to third parties, nor a denial of credit, is a prerequisite to recovery under the FCRA") (citing *Guimond*, 45 F.3d at 1333); *see also Neill v. Experian Info. Sols., Inc.*, No. CV-16-04326-PHX-JJT, 2017 WL 3838671, at *3 (D. Ariz. Sept. 1, 2017) ("the statute does not explicitly require delivery to a third party in order to be a 'consumer report.'"); *Larson v. Trans Union, LLC*, No. 12-CV-05726-WHO, 2013 WL 5665629, at *4 n.7 (N.D. Cal. Oct. 15, 2013) ("transmission of a credit report to a third party is not a prerequisite to recovery under the FCRA."); *Baker v. Trans Union LLC*, No. CV-10-8038-PCT-NVW, 2010 WL 2104622, at *4 (D. Ariz. May 25, 2010) ("transmission of the report to third parties is not a prerequisite to establishing liability under § 1681e(b).").

"Liability under § 1681e(b) is predicated on the reasonableness of the credit reporting agency's procedures in obtaining credit information." *Guimond*, 45 F.3d at 1333 (citing *Cahlin v. Gen. Motors Acceptance Corp.*, 936 F.2d 1151, 1156 (11th Cir. 1991)). Therefore, to state a claim under § 1681e(b), a plaintiff must allege "a credit reporting agency prepared a report containing inaccurate information." *Id*.

(citing *Cahlin*, 936 F.2d at 1156).  Here, Plaintiff's allegation that Equifax prepared a consumer report that included incorrect information regarding the balance due on her credit card account is sufficient to state a prima facie claim under § 1681e(b) at this stage of the proceeding.  Defendant's motion is therefore denied.

## III.
## CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss is denied.

**IT IS SO ORDERED.**

Dated:  November 6, 2017

Hon. Dana M. Sabraw
United States District Judge